IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| THOMAS ISRAEL,<br><br>          Plaintiff,<br>     vs.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>          Defendant. | MEMORANDUM DECISION AND ORDER ON ADMINISTRATIVE APPEAL<br><br><br>Case No. 1:07CV0094-DB<br><br>Judge Dee Benson |
|---|---|

Plaintiff, Mr. Thomas Israel, appeals the denial of his claim for Disability Insurance Benefits and Supplemental Security Income by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g) and 1383(c)(3). For the reasons outlined below, the Commissioner's decision is REVERSED and REMANDED.

## I. STANDARD OF REVIEW

The Commissioner's decision is reviewed to determine whether the factual findings are supported by substantial evidence and whether the relevant legal standards have been correctly applied. Daniels v. Apfel, 154 F.3d 1129 (10th Cir. 1998), citing Castellano v. Secretary of Health & Human Services, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a mere scintilla but less than preponderance. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389 (1971).

## II. CASE HISTORY

The plaintiff, Mr. Thomas Israel, protectively filed applications for DIB and SSI benefits on March 5, 2003, alleging an onset date of his disabling condition of February 3, 2002. (Tr. 61-63). The application was denied initially and upon reconsideration. Following the

reconsideration denial, Mr. Israel requested a hearing. A hearing was held in Salt Lake City, Utah on March 17, 2005. The Administrative Law Judge ("ALJ") issued a decision on May 23, 2005, finding Mr. Israel not disabled. (Tr. 19-31).

A new application for DIB and SSI benefits was filed by Mr. Israel in 2005. Mr. Israel was approved for disability under his most recent application, with a disability onset date of May 24, 2005, the day after the ALJ's prior decision.

Meanwhile, the prior application was appealed to federal district court and was remanded for a determination as to when the claimant's disability began. (Tr. 408, 411). The ALJ held a second hearing on January 12, 2007. (Tr. 492-520). He then issued an unfavorable decision on February 15, 2007, with essentially the same findings as his May 23, 2005 decision. This case is now on appeal to federal district court for the second time.

### III. DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining disability. The five steps are: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment; (3) whether the impairment meets or equals the criteria for an impairment listed in Appendix 1 of 20 C.F.R. Subpt. P; (4) whether the impairment prevents the claimant from performing his past relevant work; and (5) whether the impairment prevents the claimant from performing other work. The burden is on the Plaintiff to meet the first four steps. However, if Plaintiff does carry his burden in the first four steps, the

burden shifts to the Commissioner to establish that there are other jobs existing in a significant number in the national economy which Plaintiff is capable of performing.

In the present case, the Commissioner, through the written decision of the ALJ, held at step one that Mr. Israel had not engaged in any SGA since the alleged onset date. (Tr. 396). At step two, he found that Mr. Israel had severe impairments of depression, bi-polar disorder, and deep venous thrombosis. (Tr. 396). At step three, he found that none of the claimant's impairments met or equaled a Listing. (Tr. 396). At step four, he found that Mr. Israel was unable to return to any past relevant work. (Tr. 404). However, at step five, the ALJ found that he could make a vocational adjustment to other work and denied the claim on that basis. (Tr. 404).

Mr. Israel argues that there are five errors in the Commissioner's decision that warrants a remand or reversal of his claim. Specifically, Mr. Israel argues that the ALJ erred:

1. in failing to take medical expert testimony regarding the onset of Mr. Israel's disability;

2. by improperly rejecting the opinions of the claimant's treating doctor;

3. by conducting an improper "non-compliance" analysis;

4. by improperly rejecting the testimony of the claimant and his wife; and

5. by failing to meet his step five burden of identifying specific jobs, available in significant numbers, which the claimant could perform in light of his specific functional limitations.

I do not address the fifth argument as it is conditional upon the outcome of the previous four. Regarding the third and fourth arguments, I find no error. For the reasons set forth in the

3

subsequent sections, I do find that the ALJ should have called a medical expert to address this issue of the date of onset of Mr. Israel's disability and that the opinion of Mr. Israel's treating doctor, Pam Awana, Ph.D., was not properly rejected, particularly in light of the conflicting opinion from the January 27, 2006, State Agency report.

    A.    **The ALJ erred in failing to take Medical Expert testimony in order to determine the onset of Mr. Israel's disability.**

In a case where a claimant's disability is caused by a discrete incident, it is generally clear from the record when the disability began. In contrast, in cases such as Mr. Israel's, where the disability is caused by a combination of medical factors with no precise date of onset, an onset date must be inferred. According to Social Security ruling 83-20:

> How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred.

SSR 83-20. The Tenth Circuit Court of Appeals has held, "our precedent clearly establishes that where 'medical evidence of onset is ambiguous,' an ALJ is obligated to call upon the services of a medical advisor." Blea v. Barnhart, 466 F.3d 903, 911-912 (10th Cir. 2006) (quoting Reid v. Chater, 71 F.3d 372, 374 (10th Cir.1995)). See also, Armstrong v. Commissioner of Social Sec. Admin., 160 F.3d 587, 590 (9th Cir. 1998) ("If the "medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83-20 requires the administrative law judge to call upon the services of a medical advisor and to obtain all evidence which is available to make the determination.")

4

In the case at bar, there is no question that Mr. Israel is currently disabled. The Appeals Council explicitly affirmed the State Agency's decision that the claimant was disabled at least since May 24, 2005 (the date after the ALJ's first decision). (Tr. 411). The State Agency had no authority to overrule the ALJ's prior findings, thus they could only date the disability back to the day after the ALJ's decision. Clearly the claimant's impairments did not suddenly become disabling the very day after the ALJ signed his first decision. This is why the district court (and subsequently the Appeals Council) vacated the ALJ's decision and remanded the case for a new determination as to when the claimant became disabled. (Tr. 408, 411). This is an instance where the testimony of a medical expert is required to resolve the ambiguity.

Because the claimant suffers from gradually onset impairments, it is simply implausible that his impairments just happened to rise above the disability threshold the very day after the ALJ signed his decision.

The ALJ erred in failing to take medical expert testimony in order to determine when the claimant's impairments became disabling. By failing to do so, and instead simply reaffirming his prior decision, the ALJ failed to resolve the very inconsistency the case was remanded to resolve. On remand, the ALJ will call upon a medical expert to provide testimony regarding the onset date of Mr. Israel's disability.

**B.    The ALJ improperly rejected the opinions of the claimant's treating doctor, Pam Awana, PhD.**

In order to reach a finding that Mr. Israel was not disabled until the day after his prior decision was signed, the ALJ had to reject the opinion of the claimant's treating psychologist, Dr. Pam Awana, Ph.D. The opinion of a treating physician is entitled to great weight and the Commissioner must provide "specific, legitimate reasons" for rejecting a physician's opinion. See Miler v. Chater, 99 F.3d 972 (10th Cir. 1996); Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987). Those reasons "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Social Security Ruling 96-2p.

Despite the deference owed the treating doctor, the ALJ rejected her opinion without providing adequate reasons. For example, he admitted that Dr. Awana's treatments notes established that the claimant was lethargic and had no motivation. However, he then asserted that "there was no indication of any significant mental illness." (Tr. 403). This assertion is clearly contrary to the ALJ's own finding that Mr. Israel has severe depression and bipolar disorder. (Tr. 396). These diagnoses are well-established in the record and are not in dispute. Thus, the ALJ's assertion that "there was no indication of any significant mental illness" is clearly erroneous.

The ALJ next noted that on two occasions, in April of 2003 and August 2004, Mr. Israel's GAF scores were in the 50's, "clearly indicating the ability to engage in work activity." (Tr. 403). The ALJ failed to explain how he concluded that a GAF score in the 50's, which

indicates a "moderate" level of impairment, clearly establishes employability.  Further, he failed to account for the fact that individuals with bipolar disorder may do well at times and then suddenly have extreme manic episodes or periods of deep depression.

On December 6, 2004, Dr. Awana noted that she had observed periods of decompensation in Mr. Israel and diagnosed him with bipolar disorder.  She stated that Mr. Israel's bipolar disorder consists of intermittent periods of depression, including loss of interest, psychomotor agitation, decreased energy, feelings of worthlessness, difficulty concentrating and thoughts of suicide.  She further stated that this had alternated with manic episodes that include pressure of speech, flight of ideas, easy distractibility, and anger episodes without apparent consequences.  Dr. Awana noted that these symptoms had greatly affected Mr. Israel's daily activities, social functioning, and ability to work and he requires constant assistance from his family to function and make decisions.  (Tr. 293).  That certainly does not sound like an individual who can clearly engage in work activity.

Moreover, even if Mr. Israel did very well at times, that fact would not preclude disability.  "Occasional symptom-free periods – and even the sporadic ability to work – are not inconsistent with disability." Lester v. Chater, 81 F.3d 821, 833 (9th Cir. 1995).

Finally, the ALJ noted that, despite Dr. Awana's treating relationship with the claimant, he was rejecting her opinion in favor of the opinions of the State Agency doctors who had reviewed the file in May of 2003.  (Tr. 403).  He asserted that their opinions were "persuasive as they had the opportunity to review the entire file and because they are experts on the evidentiary and legal requirements of the disability program." (Tr. 404).  Ironically, in the very next

7

paragraph the ALJ proceeded to reject the opinions of these very same "experts" because they had *not* had the opportunity to review the entire file.  (Tr. 404).  Specifically, they had not had an opportunity to listen to the claimant describe his symptoms and they had not had an opportunity to review Exhibits 16F-22F.  (Incidentally, Dr. Awana had the opportunity to do both).

It is very significant to note that the vast majority of the psychological records, including most of Dr. Awana's own treatment notes, are found between Exhibits 16F-22F.  Thus, the ALJ's primary reason for rejecting Dr. Awana's opinion in favor of those of the State Agency doctors, that they had the opportunity to review the "entire file," is wholly unsupportable.[1]

In sum, the ALJ clearly failed to provide specific and legitimate reasons for rejecting the opinions of Dr. Awana in favor of the non-disability opinions of the State Agency doctors who had not, in fact, had an opportunity to review the entire file.  Again, when they reviewed the file, most of the psychological evidence was not yet available.  Indeed, it is significant to note that when the State Agency doctors did later review the "entire file" – including Exhibits 16F-22F – they agreed with Dr. Awana's opinion that the claimant is disabled.  (Tr. 393, 411).

### III. CONCLUSION

Based upon the above analysis, IT IS HEREBY ORDERED that pursuant to sentence four of 42 USC § 405(g) the Commissioner's decision denying Mr. Israel's applications for Disability Insurance Benefits and Supplemental Security Income is REVERSED and

---

[1] It is unclear why the State Agency's later RFC findings were not included in this case file as the Appeals Council clearly directed the ALJ to consider all of the subsequent evidence ("in connection with the application filed June 14, 2005") and determine how it related to the period prior to his first decision.  (Tr. 393).

8

REMANDED for further administrative proceedings. IT IS FURTHER ORDERED that judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the United States Supreme Court's decision in Shalala v. Schaefer, 509 US 292, 296-302 (1993).

DATED this 26th day of January, 2009.

_____
Judge Dee Benson
United States District Court Judge